```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JULIA HEDRICK,

    Plaintiff

v.                                CIVIL ACTION NO. 2:03-0080

KANAWHA COUNTY BOARD OF EDUCATION,
an instrumentality of the
State of West Virginia,
and DENNIS OSBORNE, as an
agent of Kanawha County Board
of Education and in his
capacity as an individual,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending are (1) a motion to dismiss filed July 29, 2005, by defendant Kanawha County Board of Education, (2) a motion filed August 5, 2005, by defendant Dennis Osborne for joinder in the motion to dismiss, and (3) a motion filed August 26, 2005, by plaintiff's counsel to withdraw.

On October 7, 2005, the court conducted a show cause hearing, at which appeared counsel for each party. Plaintiff Julia Hedrick also appeared, as directed by the court in its revised show cause hearing order entered on September 9, 2005.

I.

Plaintiff Julia Hedrick, on her own behalf and as next friend for her daughters, Candace and Tiffany Westfall, instituted this action on January 30, 2003. The case arises from allegations of teacher-student sexual harassment that Candace and Tiffany experienced while students at McKinley Junior High School.

Plaintiffs allege that defendant Dennis Osborne sexually harassed Candace and Tiffany during the 2000-2001 school year. (Compl. passim.) Paragraph 37 of the complaint provides as follows: "Plaintiffs JULIA HEDRICK, CANDACE WESTFALL and TIFFANY WESTFALL request that the Court order OSBORNE removed from the school system permanently." (Compl. ¶ 37.) Osborne's employment relationship with the Kanawha County Board of Education ended with his retirement in March 2003.

Plaintiffs recite their claims beginning on page 16 of the complaint. The allegations include claims for (1) violation of the right to bodily integrity under the Fourteenth Amendment, (2) violation of the right to pursue an education free of sexual harassment under state and federal law, (3) aiding and abetting violations, and retaliating for the exercise of rights, under

2

both Title IX and the West Virginia Human Rights Act, (4) outrage and violation of the right to privacy, (5) assault, (6) breach of trust, and (7) negligent hiring, supervision, and retention.  Ms. Hedrick is nowhere mentioned by name in any of these claims and, read in context, no relief is sought on her behalf in any of the attendant allegations.[1]

As noted, Osborne's employment relationship with the Kanawha County Board of Education was severed by retirement in March 2003.  Accordingly, to the extent Ms. Hedrick sought relief in paragraph 37 of the complaint, the request is moot.  Further, one searches the complaint in vain for any causes of action alleged by Ms. Hedrick.  The most fundamental element of a claim for relief under Rule 8, Federal Rules of Civil Procedure, is "a

---

[1]The sole, potential exception relates to the claim for negligent hiring, supervision, and retention.  Paragraph 88, which appears within that claim, states as follows:

> At all times relevant to this Complaint, Defendant Kanawha County Board of Education knew, or reasonably should have known that the incidents, conduct, acts and failures to act described herein, would and did proximately result in emotional distress to Plaintiffs, including, but not limited to, loss of sleep, anxiety, tension, depression, humiliation and stomach ulcers.

(Compl. ¶ 88.)  This count of the complaint, however, mentions only Candace and Tiffany by name.  In context, then, it is properly read as applying only to those two named plaintiffs.  The allegations following paragraph 88 reinforce this reading.  (Id. ¶¶ 89-96.)

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a); see also Hatfill v. New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005) ("A defamation complaint, like any other civil complaint in federal court, must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), sufficient to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests[.]'") (quoted authority omitted). To the extent the required short-and-plain statement was ever present regarding Ms. Hedrick, it has been satisfied by Osborne's retirement.

The court, accordingly, ORDERS that the motion to dismiss be, and it hereby is, granted. The court further ORDERS that defendant Dennis Osborne's motion for joinder in the motion to dismiss be, and it hereby is, granted. This case being otherwise concluded, the court further ORDERS that the motion to withdraw filed by plaintiff's counsel be, and it hereby is, granted.

Ms. Hedrick is placed on notice that she is now proceeding pro se and, pursuant to Federal Rule of Appellate Procedure 4(a)(1), she shall have thirty days from the date of entry of this memorandum opinion and order to file an appeal.

**Failure within thirty days from this date to file with the Clerk of this court a notice of appeal of this memorandum opinion and order and the Judgment thereon will render this memorandum opinion and order and the Judgment thereon final and unappealable.**

**The Clerk is directed to forward copies of this order to all counsel of record and to Ms. Hedrick at the address provided in the court's September 9, 2005, revised show cause hearing order.**

>                    DATED: October 24, 2005
>
>                    _____
>                    John T. Copenhaver, Jr.
>                    United States District Judge

Judgment in which to appeal.  Failure within thirty days from this date to file with the Clerk of this court a notice of appeal of the memorandum opinion and order and this Judgment thereon will render the memorandum opinion and order and the Judgment thereon final and unappealable.

      The Clerk is directed to forward copies of this order to all counsel of record and to Ms. Hedrick at the address provided in the court's September 9, 2005, revised show cause hearing order.

    DATED:  October 24, 2005

    _____
    John T. Copenhaver, Jr.
    United States District Judge